LUZUNARIS, PLAINTIFF AND APPELLEE, *v.* DÍAZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in an Action for Provisional Support.

No. 1339.—Decided March 31, 1916.

PROVISIONAL SUPPORT—FATHER'S FINANCIAL CIRCUMSTANCES—REQUIREMENTS OF SON.—After considering the evidence in this case it was held that, in view of the good financial circumstances of the father, the allowance of sixty dollars monthly fixed for the support of his minor son is proportionate to the means of the giver and in accordance with the necessities of the recipient, pursuant to section 216 of the Civil Code.

ID.—REQUISITES FOR APPLICATION OF SECTION 215 OF CIVIL CODE.—For the application of section 215 of the Civil Code the following requisites are necessary: (1) The obligation to support must devolve upon two or more persons; (2) the said persons must have means, for only thus can the amount be proportionate to their respective estates.

ID.—JOINT OBLIGATION TO SUPPORT—BASIS' FOR PROPORTIONMENT.—When the obligation to support rests upon two persons, one of whom has sufficient means and the other has no means, the performance of the obligation devolves exclusively upon the former, as there is no basis' for proportioning the amount for support between the two according to their respective estates.

ID.—CONJUGAL PARTNERSHIP—DIVORCE—FATHER'S OBLIGATION TO SUPPORT.—The provision of subdivision 5 of section 1323 of the Civil Code is inapplicable to a case in which the father of the minor is living and has sufficient means to support the latter, for it cannot be construed in the sense that the conjugal partnership created by the second marriage of the mother is bound to support and educate the minor offspring of the former marriage which has been dissolved by virtue of a decree of divorce, inasmuch as such construction would be in conflict with section 176 of the Civil Code.

ID.—ATTORNEY FEES.—Section 327 of the Code of Civil Procedure, as amended by the Act of March 12, 1908, provides that no attorney fees shall be allowed unless the amount in litigation exceeds five hundred dollars, and it does not in a suit to compel the defendant to pay one hundred dollars monthly as provisional support.

ID.—CONSTRUCTION OF LAW.—Statutes allowing costs are not to be extended be-
   yond their literal meaning, but are to be construed strictly.

The facts are stated in the opinion.

*Mr. Miguel Guzmán Texidor* for the appellant.

*Mr. C. Domínguez Rubio* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an appeal by the defendant from a judgment of
the District Court of Guayama of February 19, 1915, by which
the defendant was adjudged to pay to the plaintiff, Caro-
lina Luzunaris, as representative of her minor child, Igna-
cio Ramón Díaz, the sum of $60 monthly for his maintenance
and support, payable quarterly in advance, together with the
costs and attorney fees.

The complaint, which is dated July 25, 1914, alleges the
following as constituting a cause of action:

1. That plaintiff and defendant are separated by virtue
of a final decree of divorce entered by the District Court
of Humacao in the year 1903, the minor and lawful issue
of their marriage, Ignacio Ramón Díaz y Luzunaris, hav-
ing been placed under the care and *patria potestas* of the
plaintiff.

2. That by judgment of November 19, 1907, Rufina Moli-
naris Sánchez, as paternal grandmother of Ignacio Ramón
Díaz Luzunaris, was adjudged to pay him $25 monthly for
his support because defendant Ramón Pastor Díaz Molinaris
was then insolvent.

3. That in the year 1914, when the minor was near the
age of puberty, the District Court of Guayama increased
the allowance for support which was being paid by the pater-
nal grandmother, Rufina Molinaris, to $50.

4. That Rufina Molinaris Sánchez died on July 3, 1914,
and her personal obligation to pay the minor $50 monthly
for his maintenance ceased.

5. That the plaintiff, who is now married to J. Júdice,
assistant chief of Insular police, has no property of her own,

whereas the defendant is a freeholder and capitalist and has property worth at least $100,000, consisting not only of property inherited from his father or acquired by his own efforts, but also of property inherited from his deceased mother, Rufina Molinaris.

6. That it is necessary that the minor Díaz Molinaris take a scientific course in a reputable university in the United States and for that purpose he will need at least $100 monthly to cover his expenses.

The complaint concludes with the prayer that the defendant be adjudged to pay $100 monthly in advance to his legitimate son, Ignacio Ramón Díaz Luzunaris, for his temporary support, from August 1, 1914, together with the costs, expenses and a reasonable fee for the plaintiff's attorney.

In answering the complaint the defendant admitted the facts set up therein except the allegations that he is a freeholder and capitalist, that he owns the property attributed to him, and that his minor son needs to take a scientific course in the United States.

The case was tried and the court rendered the judgment from which, as stated at the beginning, the present appeal was taken.

As grounds of appeal the appellant alleges:

1. That the court erred in weighing the evidence, as it did not support the judgment rendered in the case.

2. That the court erred in adjudging that the defendant pay $60 monthly to his son for his support without applying the provisions of section 215 of the Civil Code.

3. That the court also erred in allowing attorney fees to the plaintiff in violation of the statute which only authorizes such an allowance when the amount in litigation is more than $500.

In considering the first ground of the appeal it is not necessary to make a detailed analysis of all the evidence introduced at the trial. It will suffice to set out the result of the

evidence which is of itself sufficient to support the judgment appealed from.

The evidence shows:

That defendant Ramón Pastor Díaz Molinaris is paid $100 monthly for managing a property belonging to the Succession of Argüeyes.

That in the year 1896 the defendant inherited from his father 55,861.77 provincial *pesos*, or more than $30,000, consisting of property which he says he sold for $20,000, depositing the money at first and afterwards spending it little by little.

That Attorney Francisco Cervoni Gely sued Ramón Pastor Díaz Molinaris for $500 as fees for professional services rendered and notwithstanding the fact that he was informed that defendant was insolvent he levied on property consisting of oxen, horses and carriages, and so recovered the amount claimed.

That after the death of Rufina Molinaris on July 3, 1914, the District Court of Guayama on August 14, 1914, designated as her heirs her three legitimate children, among them the defendant, and also Manuel Cividanes Alonso, as to his legal portion as widower, and that the partition of the estate has not yet been made.

That although much of the property of the widow Rufina Molinaris was held by her only in usufruct, according to the registry she was also the exclusive owner of the following property: (*a*) A property of 310 *cuerdas* of land valued at $10,101.35; (*b*) a joint interest in another property of 442 *cuerdas*, which interest together with an interest in two other properties she purchased of her son, the defendant, for $6,000; (*c*) a house situated in Nueva Street, Guayama, valued at $2,375; (*d*) a joint interest of forty-three hundredths and one hundred and fifty-one thousand two hundred and seventy-five millionths parts of twenty-seven parcels of land which Rufina Molinaris acquired for $31,728.86. The aggregate value of the foregoing properties is more than $50,000.

That after the death of his mother the defendant voluntarily paid his son $25 monthly for his support.

That Ignacio Ramón Díaz Luzunaris, a youth of from fourteen to fifteen years of age, was in the seventh grade of the grammar school in Brooklyn, New York, and the monthly allowance that he received was insufficient to pay for his support and education.

We are of the opinion that the foregoing evidence is sufficient to show, as held by the lower court, that Ramón Pastor Díaz Molinaris is in good financial circumstances and that, far from being excessive, the allowance of $60 monthly fixed for the support of his minor son, is in proportion to the means of the giver and in accordance with the necessities of the recipient, as provided by section 216 of the Civil Code. It is true that Ignacio Ramón Díaz Luzunaris is not at present taking a university or advanced course of study, but he requires the said allowance to prepare himself therefor in accordance with the reasonable desire of his mother and in keeping with the social position of his family both on the paternal and on the maternal side.

There is no ground that would cause us to question the weight which the lower court gave to the evidence.

Let us consider the second ground of appeal.

Section 215 of the Civil Code, which has been cited as applicable to the present case, reads as follows:

"When the obligation to support devolves upon two or more persons, the amount that each shall pay shall be proportioned to his respective estate."

For the application of the said section the following requisites are necessary: (1) The obligation to support must devolve upon two or more persons and (2) the said persons must have means, for only thus could the amount be proportioned to their respective estates.

The second requisite is lacking in the present case, for in her complaint Carolina Luzunaris alleged that she had no property and the defendant admitted such allegation.

The defendant having means and Carolina Luzunaris having none, or he being rich and she poor, it is manifest that the performance of the obligation under consideration devolves exclusively upon him. There is no ground for proportioning the amount for support between the two according to their respective estates.

For the decision of the appeal it is not necessary to consider whether the obligation of the parents to support their children is absolute or subsidiary on the part of the mother and to be imposed upon her only when the father is without means or unable to furnish the support. The consideration of that question of law would lead to no practical end inasmuch as Carolina Luzunaris has no means or resources, for which reason the obligation to support his child can be imposed only upon the defendant who possesses such means.

The appellant cites section 1316 of the Civil Code, subdivision 2 of which defines conjugal partnership property as that obtained by the industry, salaries or work of the spouses, or of either of them, and deduces therefrom that as the present husband of Carolina Luzunaris earns $130 monthly as an officer of the Insular police, Carolina Luzunaris should contribute with the divorced husband to the fulfilment of the obligation to support their child.

We agree with the premises but do not accept the conclusion. Carolina Luzunaris and her present husband, J. Júdice, an officer of the Insular police, now form a conjugal partnership distinct from the one which was composed of herself and her divorced husband, Ramón Pastor Díaz Molinaris, and was dissolved. In this case the only liability of the conjugal partnershp Júdice-Luzunaris is that enumerated in subdivision 5 of section 1323 of the Civil Code which provides that the conjugal partnership shall be liable for "The support of the family and the education of the children in common, and of the legitimate children of one of the spouses only."

The above provision of law is not applicable to the pres-

ent case in which the father of Ignacio Ramón Díaz is living and has sufficient means to support him. It cannot be construed in the sense that the conjugal partnership Júdice-Luzunaris is bound to support and educate the minor Díaz Luzunaris, who is an offspring of the conjugal partnership Díaz-Luzunaris, for such construction would lead to the absurd conclusion that by virtue of the divorce of the spouses Díaz Molinaris and Carolina Luzunaris, which was brought about by the husband, Pastor Díaz was freed from an obligation imposed upon him both by law and by nature; and this conclusion is in conflict with section 176 of the Civil Code which reads as follows:

"The divorce of the parents will not deprive the children born during the marriage of the rights and privileges which, according to law, belong to them, by reason of the marriage of their parents; but such rights shall not be claimed except in the form and under the circumstance in which such claims would have been made if a divorce had not taken place."

Therefore, the second ground of appeal cannot be sustained.

As to the third ground, we must take into account section 327 of the Code of Civil Procedure as amended by the Act of March 12, 1908.

The said section provides that in all cases where costs have been allowed to one party in an action or proceeding, if the subject-matter exceeds $500 said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services.

For the allowance of attorney fees it is an indispensable requisite that the amount in litigation exceed $500.

In the present case the amount sued for does not clearly exceed that sum, for the object of the suit is only to compel the defendant to pay $100 monthly as provisional support.

Statutes allowing costs are not to be extended beyond their literal meaning, but are to be construed strictly. *Gon-*

zález v. *Gromer,* 16 P. R. R. 1; *Modesto et al. v. Estate of Dubois,* 16 P. R. R. 709.

The doctrine laid down by this court in the case of *Cautiño et al. v. Muñoz et al.,* 18 P. R. R. 849, is not applicable to the present case.

For the foregoing reasons the judgment appealed from should be affirmed, except as to the pronouncement regarding the payment of the attorney fees of the adverse party.

*Modified and affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.